PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OJALA PROPERTIES, LLC, | ) | |
| | ) | CASE NO. 1:13CV1226 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CLEAR CHANNEL OUTDOOR, INC., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 19] |

After notice to the parties, the Court conducted a telephonic hearing on Plaintiffs' Motion for Temporary Restraining Order (ECF No. 19). During the telephonic hearing, Defendant Clear Channel moved for a Temporary Restraining Order.[1]

The Court has been advised *via* the parties' briefs, argument and the applicable legal standards. In considering the competing motions for temporary restraining orders, the Court considers four factors which are important in determining whether a temporary restraining order is appropriate: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The consideration given these factors is a flexible one and the factors are not prerequisites to be met, but must be balanced. *Id.* at 1229. In

---

[1] Simply put, Plaintiff seeks to halt activity at the site at issue; Defendant wants the Court's permission to proceed with that activity unfettered by Plaintiff's demands.

(1:13CV1226)

balancing the four considerations applicable to temporary restraining order decisions, the Court holds that equitable relief is appropriate.

 While disagreeing on almost every legal point of importance, both parties described a "melee" [Plaintiff] or "mobscene" [Defendant] that has caused the Court to become concerned that the site of the billboard at issue is host to dueling and, possibly, violent interests that threaten to cause irreparable harm to Plaintiff and the surrounding community, if not immediately checked. The Court, albeit on a rather limited record, is also inclined to believe that the public interest is best served by entering the injunctive relief sought by Plaintiff, rather than Defendant. That is, relief which, at least temporarily, halts the activity at the site until a more substantial record can be made.

 For the reasons indicated on the record at the telephonic hearing and herein, Plaintiff's Motion for Temporary Restraining Order, ECF No. 19, is granted. Defendant's oral Motion for Temporary Restraining Order is denied.

 A hearing on the matter of preliminary injunction will be heard on August 21, 2013 at noon.

 IT IS SO ORDERED.

| | |
|---|---|
|  August 16, 2013 |  /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |