PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OJALA PROPERTIES, LLC, | ) | |
| | ) | CASE NO. 1:13CV1226 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CLEAR CHANNEL OUTDOOR, INC., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 6 and 18] |

On May 1, 2013, Plaintiff Ojala Properties, LLC, an Ohio limited liability corporation with its principal place of business located in Cleveland, Ohio, filed a Complaint (ECF No. 1-1 at PageID #: 7-37) in the Cuyahoga County, Ohio Court of Common Pleas, being Case No. CV-13-806312. Clear Channel Outdoor, Inc. was named as defendant in this action alleging Forcible Entry; Detainer (Count One); Breach of Rental Agreement (Count Two); and Nuisance/Trespass (Count Three). Specifically, the Complaint (ECF No. 1-1 at PageID #: 7-37) seeks injunctive and equitable relief, including termination of the parties' Agreement of Perpetual Lease ("the Lease") (ECF No. 1-1 at PageID #: 18-27) and a forfeiture and removal of Defendant's commercial advertising structures (the "billboards") from Plaintiff's 1616 West 25th Street

(1:13CV1226)

Property (the "Property").[1] ECF No. 1-1 at ¶¶ 21-23.  Although Plaintiff also seeks incidental, consequential, and punitive damages as well as its attorneys' fees, professional fees, rents, costs and damages relating to the alleged breach of the Lease, it does not specify the amount of these damages.  ECF No. 1-1 at ¶¶ 28, 38.

Defendant Clear Channel Outdoor, Inc., a Delaware Corporation with its principal place of business in New York, timely removed this case to this Court on June 3, 2013, on the basis of diversity of citizenship jurisdiction.  Notice of Removal (ECF No. 1) at PageID #: 2.

Pending is Plaintiff's Motion for Remand (ECF No. 6), filed on July 1, 2013.  Plaintiff moves the Court for an order remanding this case to the Cuyahoga County Court of Common Pleas arguing that the amount in controversy does not meet the federal jurisdictional amount because the "dilapidated, abandoned" billboards in question are worthless.  ECF No. 6 at PageID #: 92.  Also pending is Plaintiff's Emergency Motion Concerning Plaintiff's Motion for Remand (ECF No. 18), filed on August 16, 2013.  Plaintiff moves the Court to provide it with guidance, on as expedited a basis as is possible, as to whether diversity jurisdiction currently exists in this matter.  ECF No. 18 at PageID #: 199.  The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.  For the reasons set forth below, the Court grants the emergency motion and denies the motion for remand because it finds that Defendant satisfies its

---

[1] Defendant owns two advertising structures on the Property.  The first structure ("Structure One") has two sides - one side holds a 14 x 48 bulletin face and the other side holds two 12 x 24 poster panels.  The second structure ("Structure Two") holds a 12 x 24 poster panel.  A diagram depicting the locations of these structures is attached as Exhibit B to the Lease.  *See* ECF No. 1-1 at PageID #: 27.  Picture of Structure One are provided at ECF No. 6 at PageID #: 95-96.

(1:13CV1226)

burden of establishing diversity jurisdiction by proving that the amount in controversy more likely than not exceeds $75,000.

## I. Standard of Review

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) .

When a plaintiff's complaint does not set forth the specific amount of damages sought, a defendant seeking removal on the basis of diversity jurisdiction has the burden of proving by the preponderance of the evidence that complete diversity[2] and the amount in controversy requirements are met. *See, e.g.*, *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 599 U.S. 77, 91 (2010). A defendant who is faced with an indeterminate state court complaint should make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal. *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990). A defendant cannot satisfy this burden merely by averring that the amount-in-controversy requirement is met. *Gafford*, 997 F.2d at 160.

The right of removal is determined by review of a plaintiff's pleading at the time of the petition for removal. *Ramski v. Sears, Roebuck, & Co.*, 656 F. Supp. 963, 965 (N.D. Ohio 1987). "A court may, however, look at subsequent pleadings and proceedings in a case . . . to the extent that they 'shed light on the facts as they existed at the outset of the litigation and on the actual interests of the parties.'" *Hrivnak v. NCO Portfolio Mgmt.*, 723 F. Supp.2d 1020, 1024 (N.D.

---

[2] Plaintiff does not dispute that the parties have diverse citizenship.

(1:13CV1226)

Ohio 2010) (citing *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 n. 3 (7th Cir. 1981)). A district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted). The removal petition is to be strictly construed, and the district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original); 28 U.S.C. § 1332(a). "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case *exceed* a specified amount, currently $75,000." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (emphasis added). *See also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252-53 (6th Cir. 2011) (holding that as a matter of apparent first impression, Congress has chosen to withhold jurisdiction from the federal courts over a suit between citizens of two different states unless the amount in controversy is at least one penny more than $75,000). Thus, the minimum requirement is an amount "in excess of $75,000." *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds the sum or value of $75,000*, exclusive of interest and costs. . . .") (emphasis added).

(1:13CV1226)

## II. Discussion

Defendant argues that, if Plaintiff is successful, the outcome of this case will have an economic impact on Defendant that far exceeds $75,000. According to Defendant, the billboards at issue have great commercial value. Defendant maintains the replacement value of the physical structures themselves – irrespective of the advertising revenues – exceed the federal amount-in-controversy requirement. Defendant contends this value, coupled with the billboards' yearly revenues, readily satisfy the jurisdictional threshold. ECF No. 12 at PageID #: 146-47.

In an action for injunction, "it is well established that the amount in controversy is measured by the value of the object of the litigation," *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) – or in the case at bar, the value of the Lease that Plaintiff wants terminated, which includes the billboards and the revenue they generate. In determining the value of the object of the litigation, courts consider not only the damages, but "the practical, future economic effects of the outcome of the case." *David A. Waldron and Associates, Inc. v. Loon, LLC*, No. 5:11CV2247, 2012 WL 1598122, at *4 (N.D. Ohio, April 17, 2012) (Burke, M.J.). While it remains that "[t]he Sixth Circuit has not yet resolved whether it 'view[s] the amount in controversy from the perspective of the plaintiff or the defendant'" *Wright v. Sand Canyon Corp.*, No. 5:10CV2188, 2011 WL 1792815, at *1 (quoting *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770 n.1 (6th Cir. 2009), it remains equally true that a defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). When a plaintiff seeks "to recover some unspecified amount that is not

5

(1:13CV1226)

self-evidently greater or less than the federal amount-in-controversy requirement," the defendant seeking to remove a case to federal court satisfies its burden of establishing diversity jurisdiction when it proves that the amount in controversy "more likely than not" exceeds $75,000. *Id.* at 822 (quoting *Gafford*, 997 F.2d at 158). Even if the Court were to apply the "either-viewpoint rule," meaning it will determine the amount in controversy not only by considering the benefit of the action to Plaintiff, but the burden imposed on Defendant, the federal jurisdictional amount is met in the case at bar from either Defendant or Plaintiff's viewpoint.

### A. The Value of the Injunctive Relief and the Forfeiture Plaintiff Seeks Exceeds $75,000.

If Plaintiff receives its requested relief, Defendant will lose all rights under the Lease, including forfeiture of the billboard structures, loss of the billboards' revenue and will incur the costs of removing the billboards and restoring the Property. Nevertheless, Plaintiff argues that the amount in controversy has not been satisfied because of the "dilapidated, abandoned status of [the] billboards" (ECF No. 6 at PageID #: 92) and because of a decrease in the billboards' revenues in recent years (ECF No. 14-1).[3] Defendant provides the Declaration of Scott Rowland, the Real Estate Manager of Defendant (ECF No. 12-1), to assist the Court in resolving these disputed jurisdictional facts. Defendant has engaged engineers to calculate the value of and the cost of repair for Structure One. Plaintiff, on the other hand, has failed to provide the Court any evidence of the valuation of the current structure as is. While Plaintiff does offer the Affidavit of

---

[3] ECF No. 14-1 was filed under seal pursuant to the Stipulated Protective Order (ECF No. 13). The chart sets forth the revenues generated from the billboards from 2004-2013. ECF No. 12-1 at ¶ 5.

(1:13CV1226)

Maria Keckan, one of the two principals of Plaintiff (ECF No. 6-1), neither ¶ 10 of her affidavit nor the report it references (ECF No. 6-5) provide a value for the current structure as is.

**1. Replacement Cost**

The replacement cost of the billboards exceeds $75,000. According to Mr. Rowland, Structure One has a replacement cost of $69,862 (not including the face panels, lights or the electrical service equipment, or the cost to obtain a lease or easement on another property). ECF No. 12-1 at ¶ 2, PageID #: 157-58. Structure Two has a replacement cost of approximately $20,000-$25,000. ECF No. 12-1 at ¶ 4. Thus, the replacement cost of the billboard structures alone exceeds the federal jurisdictional amount.

**2. Revenues**

Defendant contends that it would lose revenues generated by the advertising structures should the Court grant Plaintiff its requested relief. Notwithstanding that revenues are have declined in recent years, the billboard's historical revenues establish an amount-in-controversy in excess of $75,000. Although revenues fluctuate from year to year, during the past ten years, the federal jurisdictional amount has been exceeded during just a two year period. *See* ECF No. 14-1.

In its Reply Memorandum in Support of the Motion for Remand, filed on July 29, 2013, Plaintiff argues that the Court, in determining the amount in controversy, should not consider the future revenues that Defendant would lose should the Court award Plaintiff its requested relief and thereby terminate Defendant's right to maintain advertising structures on the Property. Specifically, Plaintiff argues that the Court should not consider the past and/or future revenues

(1:13CV1226)

generated by the structures because the City of Cleveland has not yet issued the permit allowing Defendant to repair and use the billboards. ECF No. 15 at PageID #: 179-80. Plaintiff argues that "[u]ntil/unless the City of Cleveland determines that [Defendant] can continue advertising using these structures, their past performance is irrelevant. . . . The matter should be remanded until/unless that occurs." ECF No. 15 at PageID #: 180. At the time of an inspection on July 5, 2013, the City indicated "this structure does require repair and the current condition may pose public safety concerns but it does not rise to the level of a serious hazard." ECF No. 22 at PageID #: 268. On July 29, 2013, the City approved Defendant's repair plan and issued the permit necessary for Defendant to repair the billboards. *See* Notice of Plan Approval and Building Permit (ECF No. 16-1).[4] Thus, the past and future revenues generated by the advertising structures are relevant to the Court's determination of wether the amount in controversy requirement is met.

Defendant cites *Waldron*, 2012 WL 1598122, in support of its argument that because Plaintiff seeks to terminate a perpetual lease, the practical, future economic effect of this termination and forfeiture would be a loss of that revenue in perpetuity. ECF No. 12 at PageID #: 151. Plaintiff does not discuss or distinguish the *Waldron* case.

---

[4] According to Plaintiff, (1) Defendant has shut Plaintiff and its engineers out of the process that led to "Plan Approval: B13023272", issued July 29, 2013, and Permit No. B13023272, dated July 30, 2013. ECF No. 17 at PageID #: 187-88; and (2) an administrative stay is in effect while the City of Cleveland's Board of Building Standards and Appeals ("BBS") and Board of Zoning Appeals ("BZA") decide if Defendant's repair plans are safe and legal because Plan Approval B13023272 and Permit B120232 are under appeal. *See* ECF No. 18 at PageID #: 197; ECF No. 20 at PageID #: 208, 216. Cleveland City Ordinance §3103.20(e)(3) provides that "[a]n appeal shall stay all proceedings in furtherance of the action appealed from. . . ."

8

(1:13CV1226)

In *Waldron*, a case involving a dispute over the parties' rights and responsibilities under, and the continued enforceability of, an oil and gas lease encumbering real property, the court found the defendants had properly removed the case on the basis of diversity jurisdiction because the federal jurisdictional amount was satisfied based on the value of the leasehold estate, *i.e.*, the future use of, and income from, the oil and gas rights in the property or the loss of the lease. *Waldron*, 2012 WL 1598122, at *4-5. In the instant case, as in *Waldron*, a declaration (Mr. Rowland's in this case) sufficed as evidence that the value of the object of the litigation exceeds $75,000. *Waldron*, 2012 WL 1598122, at *5.

### 3. Repair Cost

The City of Cleveland Department of Building & Housing issued the parties a citation on April 23, 2013. ECF No. 1-1 at ¶ 18; PageID #: 35-36. The citation states in pertinent part:

> main supports have rusted through and needs repaired or replaced, billboard is out of level, missing 2x6 ribbons, also fiber glass panels need to be replaced, engineers report needs to be submitted before permit is issued for repairs, second billboard has some missing trim that needs to be repaired

ECF No. 1-1 at PageID #: 36. As stated above, late last month the City approved Defendant's repair plan and issued Defendant the permit necessary to make the repairs to correct the violations so the billboards can continue to generate revenues. *See* ECF No. 16-1. According to Mr. Rowland, ECF No. 12-1 at PageID #: 157 is a quote from Clear Channel Outdoor - Joliet / D.B.A. Quantum Structure & Design that sets forth an estimated total cost of $26,500 to address the issues identified in the citation with respect to Structure One, *i.e.*, the reinforcement of the

(1:13CV1226)

structure. ECF No. 12-1 at ¶ 3. Defendant relies on this to dispute Plaintiff's characterization that it abandoned the billboards.

Plaintiff also argues that the structures cannot be repaired under Cleveland City Ordinance § 350.19[5] because any repair would exceed fifty percent of the value. ECF No. 6 at PageID #: 97; ECF No. 15 at PageID #: 176, 180. But, $26,500 (repair cost of Structure One) is less than 38% of $69,862 (value of Structure One). Accordingly, § 350.19 does not preclude repair and presumably that is why Defendant has obtained a permit to repair the billboards. *See* ECF No. 16-1.

### B. The Value of the Damages Sought

Plaintiff also seeks damages stemming from the citation issued by the City of Cleveland (ECF No. 1-1 at ¶¶ 18) and claims professional engineering fees and attorneys' fees as part of those damages (ECF No. 1-1 at ¶¶ 28, 38). As stated in the affidavit of Ms. Keckan, Plaintiff has already retained a geotechnical engineer,[6] safety engineer, and structural engineer that have all prepared and submitted reports stemming from the citation. ECF No. 6-1 at ¶ 2. Moreover, Plaintiff seeks lost rents (ECF No. 1-1 at ¶¶ 28, 38) and diminution of its property value (ECF No. 1-1 at ¶¶ 26). While not quantified, if Plaintiff prevails and Defendant is ordered to pay

---

[5] Section 350.19 provides in pertinent part:
A nonconforming sign or part thereof damaged or deteriorated to an extent exceeding fifty percent (50%) of its replacement cost shall not be reconstructed or replaced unless made to conform to regulations of this Code. . . .

[6] Plaintiff, "upon information and belief," asserts that this engineer informed Defendant that the structure is unsafe without serious foundation repairs. ECF No. 20 at PageID #: 212.

(1:13CV1226)

these damages, the amount suffered by Defendant would increase beyond an amount that appears, already, to exceed $75,000.

### III. Conclusion

Plaintiff's Emergency Motion Concerning Plaintiff's Motion for Remand (ECF No. 18) is granted.

Because Defendant has shown that it is more likely than not that the amount in controversy exceeds $75,000, the Court finds that it has subject matter jurisdiction and denies Plaintiff's Motion for Remand (ECF No. 6).

IT IS SO ORDERED.

| | |
|---|---|
| August 21, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |